**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL ACTION NO. |
| : | 1:11-CR-0520-RWS |
| CRAIG FRANKLIN, : | |
| PAUL BOYKINS and : | |
| ANTONIO BROWN, , : | |
| : | |
| Defendant. : | |

## **ORDER**

This case is before the Court for consideration of the Report and Recommendation ("R&R") [63] of Magistrate Judge Gerrilyn G. Brill. After reviewing the record, including Defendant Boykin's Objections to the R&R [66], the Court enters the following Order.

Defendant Boykin objects to the conclusion in the R&R that the "delay of 31 days in obtaining a search warrant to search the Defendant's cell phones did not warrant the suppression of the information recovered pursuant to such warrant." (Objs. [66] at 2.) Defendant asserts that the cases on which he relied in his Motion, United States v. Mitchell, 565 F.3d 1347 (11th Cir. 2009) and

United States v. Shaw, No. 1:11-CR-239-29-CAP-ECS, 2012 W.L. 844075 (N.D. Ga. Feb. 10, 2012) adopted by 2012 W.L. 843919 (N.D. Ga. March 12, 2012), are not distinguishable from the present case.

In the R&R, Judge Brill distinguished both cases based on the fact that the search in neither case was pursuant to consent of the Defendant, and the search in the present case was pursuant to Defendant's consent.[1]  Defendant challenges this distinction stating that "the Government offered no evidence that the Defendant consented to the seizure of his cell phones." (Objs. [66] at 2.)  While it is true that that specific consent was not given, the evidence is uncontradicted that Defendant did consent to a search of his vehicle, and cell phones were discovered and determined to have evidentiary value during that consensual search.  Therefore, the Court concludes that the present case can be distinguished from Mitchell and Shaw and that Judge Brill properly relied upon United States v. Emanuel, 440 Fed. App. 881(11th Cir. 2011) and United States v. Stabile, 633 F.3d 219 (3rd Cir. 2011) in denying the Motion to Suppress.

---

[1] To the extent Shaw is not distinguishable, Judge Brill stated that she disagreed with the holding and declined to follow it.  (R&R at 12, n.3.)  Because the undersigned finds Shaw is distinguishable, I do not adopt this conclusion.

2

Based on the foregoing, with the exception noted above, the Report and Recommendation is received with approval and adopted as the Opinion and Order of this Court. Accordingly, Defendant Boykin's Motion to Suppress Statements, Motion to Suppress Traffic Stop, and Amended Motion to Suppress [35, 41, and 47] are **DENIED**; Defendant Brown's Motion to Sever Defendant [28] is **DENIED**; Defendant Brown's Motion to Adopt Co-Defendant's Motion [43] is **GRANTED**; and Defendant Brown's [Adopted] Motion to Suppress Traffic Stop [43] is **DENIED**.

**SO ORDERED** this  25th  day of May, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)